| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNIE TOLER,

           Plaintiff,

   v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

           Defendant.

CASE NO. 3:18-CV-05202-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she found Plaintiff's fibromyalgia did not constitute a medically determinable impairment at Step Two. The ALJ subsequently failed to consider this impairment at Step Three

and when assessing Plaintiff's residual functional capacity. Therefore, the ALJ's Step Two error is not harmless. The ALJ also committed other errors, which must be addressed on remand. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

### FACTUAL AND PROCEDURAL HISTORY

On June 18, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of July 31, 2011.[1] *See* Dkt. 8, Administrative Record ("AR") 14. The applications were denied upon initial administrative review and on reconsideration. *See* AR 14. ALJ Kimberly Boyce held a hearing on August 16, 2016. AR 35-76. In a decision dated December 28, 2016, the ALJ determined Plaintiff to be not disabled. AR 11-34. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) find her fibromyalgia was a medically determinable impairment at Step Two; (2) properly consider medical opinion evidence from Dr. Robert Hurlow, M.D., and Dr. Gordon Hale, M.D.; (3) provide specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony; (4) consider a lay witness statement from Plaintiff's mother; and (5) accurately assess the RFC and Step Five findings. Dkt. 10, pp. 1-18.

---

[1] Plaintiff previously filed applications for SSI and DIB, which were denied on September 13, 2013 and are administratively final. AR 14. Therefore, the ALJ found – and Plaintiff does not dispute – the period at issue for the ALJ's decision began September 14, 2013, the day after the prior determinations became administratively final. AR 14; *see also* Dkt. 10, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ properly determined Plaintiff's fibromyalgia was not a medically determinable impairment at Step Two.

Plaintiff asserts the ALJ erred by finding Plaintiff's fibromyalgia was not a medically determinable impairment at Step Two of the sequential evaluation process. Dkt. 10, pp. 2-7.

To establish a medically determinable impairment, the Social Security Administration ("SSA") requires evidence from an acceptable medical source, such as a licensed physician. 20 C.F.R. § 404.1513(a). The SSA follows Social Security Ruling ("SSR") 12-2p to determine whether fibromyalgia is a medically determinable impairment. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Under SSR 12-2p, the Commissioner cannot rely on a physician's diagnosis alone; rather, "the evidence must document that the physician reviewed the person's medical history and conducted a physical exam." *Id.* at *2.

SSR 12-2p "designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically determinable impairment." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1005 (9th Cir. 2015) (citing SSR 12-2p). Pursuant to the first set of criteria – which are based on the 1990 American College of Rheumatology (ACR) criteria – fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) at least 11 tender points; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869, at *2-3. Under the second

set of criteria – which are based on the 2010 ACR criteria – fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) "[r]epeated manifestations" of six or more fibromyalgia symptoms, signs, or co-occurring conditions;[2] and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at 3.

Further, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571.

With respect to Plaintiff's fibromyalgia, the ALJ wrote:

> The evidence does not show that under 20 CFR 404.1529(b) or 416.929(b) fibromyalgia is medically determinable. Although mentioned in the evidence, this is in connection with the claimant's report of symptoms and not objective test findings specifically for this condition.

AR 18 (citation omitted). Hence, the ALJ concluded Plaintiff's fibromyalgia was not medically determinable because she found fibromyalgia was only mentioned in the record "in connection with" Plaintiff's reported symptoms "and not objective test findings." AR 18. The ALJ failed to mention SSR 12-2p at Step Two, or at any point during the sequential evaluation process. *See* AR 18; *see also* AR 14-28.

Two acceptable medical sources have diagnosed Plaintiff with fibromyalgia. Plaintiff's treating physician, Dr. Hurlow, noted Plaintiff's fibromyalgia diagnosis on multiple occasions. *See, e.g.*, AR 434, 738, 790, 793, 799, 801. Dr. Mark Tomski, M.D., who examined Plaintiff pursuant to a pain clinic referral, also diagnosed Plaintiff with fibromyalgia. *See* AR 772-74.

---

[2] SSR 12-2p lists several possible fibromyalgia symptoms, signs, and co-occurring conditions, including anxiety disorder, fatigue, waking unrefreshed, headaches, depression, muscle weakness, and pain or cramps in the abdomen. *See* SSR 12-2p, 2012 WL 3104869, at *3; *see also id.* at nn. 9-11.

In addition to the diagnoses from Drs. Hurlow and Tomski, evidence contained in the record suggests fibromyalgia symptoms consistent with the 2010 ACR criteria under SSR 12-2p:

(1) History of widespread pain: *See, e.g.*, AR 400 ("10 year history of low back pain"), AR 445 ("long [history] of back issues"), AR 478 ("[p]ersistent back pain"), AR 820 ("diffuse pain throughout the entire spine," shoulder pain, and lower extremity pain "for about 5 years").

(2) More than six repeated manifestations of fibromyalgia symptoms: (1) Anxiety (AR 401, 405, 517, 624, 628); (2) Fatigue (AR 401, 405); (3) Waking unrefreshed (AR 405, 422, 434, 638); (4) Headaches (AR 405, 563, 646); (5) Depression (AR 411, 574, 628); (6) Muscle weaknesses (AR 464, 467, 471); (7) Abdominal pain (AR 479, 491, 522).

(3) Evidence that other disorders were excluded: *See, e.g.*, AR 574 (MRI of lower back showed "no significant neurologic pathology"), AR 812 (examination revealed "diffuse weakness that is not explained by current imaging," including an "unremarkable" MRI), AR 839 (MRI of spine revealed "no nerve root impingement and no disc herniation").

The ALJ failed to consider this significant, probative evidence when assessing Plaintiff's fibromyalgia, and failed to conduct any analysis pursuant to SSR 12-2p. *See* AR 18. Instead, the ALJ found in a conclusory manner that Plaintiff's fibromyalgia was only mentioned in the record "in connection" with Plaintiff's reports and "not objective test findings[.]" AR 18. But binding Ninth Circuit authority states an ALJ errs when she requires objective evidence for fibromyalgia, as this condition is "diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590, 594 (9th Cir. 2004) (citation and internal quotation marks omitted) ("[t]he ALJ erred by effectively requir[ing] objective evidence for a disease that eludes such measurement"); *see also Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)) (fibromyalgia's cause is "unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia."); *Contreras v. Astrue*, 378 Fed. Appx. 656, 657-58 (9th Cir. 2010) (citation omitted) ("this Court

has not required documentation of a fibromyalgia diagnosis" based on a "specified . . . number or location of . . . tender points").

In sum, the ALJ ignored significant, probative evidence when she found Plaintiff's fibromyalgia was not a medically determinable impairment. Therefore, the ALJ erred, as her reasoning was not supported by substantial evidence in the record. *See Mahoney-Garcia v. Colvin*, 2015 WL 1965382, at *4-5 (W.D. Wash. Apr. 17, 2015) (finding the ALJ erred when he found Plaintiff's fibromyalgia was not a medically determinable impairment because he failed to consider all of the criteria in SSR 12-2p and relevant evidence).

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all of Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, Defendant argues any Step Two error was harmless because "the [RFC] finding analyzed all of Plaintiff's impairments in combination." Dkt. 11, p. 4. Defendant's argument is unpersuasive. The ALJ found Plaintiff's fibromyalgia was not a medically determinable impairment at Step Two, and the ALJ's decision does not otherwise mention this condition.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

Hence, the Court cannot determine whether the ALJ considered this impairment and any related limitations throughout the sequential evaluation process.

Had the ALJ found Plaintiff's fibromyalgia to be a medically determinable impairment, the ALJ would have gone on to assess whether her fibromyalgia was a severe impairment, and if so, whether it medically equaled a listing at Step Three. *See* SSR 12-2p, 2012 WL 3104869, at *5-6. The RFC and hypothetical questions posed to the vocational expert ("VE") may have also contained additional limitations. For example, the RFC and hypothetical questions may have contained further limitations reflecting Plaintiff's anxiety, muscle weakness, and pain. Accordingly, the ALJ's error at Step Two was harmful and requires remand. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (internal quotation marks and citations omitted) (holding that because the ALJ failed to consider the limitations imposed by Plaintiff's migraines, the RFC was "incomplete, flawed, and not supported by substantial evidence"); *see also Loader v. Berryhill*, 772 Fed. Appx. 653, 654 (9th Cir. 2018) (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)) (finding that, even if the ALJ's failure to find Plaintiff's depression "severe" at Step Two was harmless error, the ALJ's failure to consider Plaintiff's depression when assessing the RFC and examining the VE was not harmless).

On remand, the ALJ is directed to assess whether Plaintiff's fibromyalgia is a medically determinable impairment pursuant to SSR 12-2p and Ninth Circuit authority. *See Rounds,* 807 F.3d at 1004-05 (remanding for the ALJ to consider whether a claimant's fibromyalgia was a medically determinable impairment under SSR 12-2p); *see also Contreras v. Berryhill*, 2018 WL 2473677, at *2-3 (finding the ALJ committed harmful error by failing to assess evidence of Plaintiff's fibromyalgia pursuant to SSR 12-2p).

**II. Whether the ALJ properly considered the medical opinion evidence.**

The ALJ's error at Step Two requires remand to the Commissioner for proper consideration of whether Plaintiff's fibromyalgia is a medically determinable impairment. When re-evaluating this entire matter on remand, the ALJ must correct the errors included in her evaluation of Dr. Hurlow's opinion and Dr. Hale's opinion, as well.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Dr. Hurlow

Plaintiff argues the ALJ failed to provide any legally sufficient reason[3] to reject medical opinion evidence from Dr. Hurlow, Plaintiff's treating physician. Dkt. 10, pp. 7-12.

On September 5, 2014, Dr. Hurlow provided an opinion regarding Plaintiff's physical limitations. AR 475-77. Dr. Hurlow opined in relevant part that Plaintiff could sit for 2 hours total, stand for 1 hour total, and walk for 1 hour total, in an 8-hour work day. AR 475.

---

[3] Plaintiff contends the ALJ was required to provide "clear and convincing" reasons to discount Dr. Hurlow's opinion. Dkt. 10, p. 9. However, because the ALJ's reasons fail to meet the "specific and legitimate" standard, the Court applies this lesser standard to the ALJ's assessment of Dr. Hurlow's opinion.

Dr. Hurlow determined Plaintiff could never climb, bend, stoop, kneel, crouch, or crawl. AR 475. Additionally, Dr. Hurlow found Plaintiff could occasionally lift between 6-20 pounds, but never lift more than 21 pounds. AR 476. Dr. Hurlow further opined Plaintiff could use her hands and arms for repetitive fine manipulation for a total of 4 hours per day, although she could never use her hands and arms for gross manipulation or reaching. AR 476. Likewise, while Dr. Hurlow wrote Plaintiff could use her hands for pushing and pulling for 1 hour per day, he found Plaintiff could never use her feet for pushing and pulling. AR 476. Dr. Hurlow determined Plaintiff would need one 10 minute rest period per hour, would need to recline for 2 hours per day during normal working hours, and would be absent from work more than four times a month. AR 477. Lastly, Dr. Hurlow opined Plaintiff's limitations were permanent. AR 477.

The ALJ assigned "little weight" to Dr. Hurlow's opinion for three reasons: (1) because the opinion conflicted with "updated evidence," including evidence of Plaintiff lifting her 60-pound child; (2) because Dr. Hurlow appeared to rely on Plaintiff's subjective complaints rather than his own objective findings; and (3) because Plaintiff did not mention having issues with her hands in a mental evaluation with Dr. Eric Kebker in February 2015. AR 25-26 (citations omitted).

An ALJ need not accept a treating physician's opinion if the opinion is "conclusory, brief, and unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004). Moreover, an ALJ may reject a physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). But in any event, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014)

(citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. Rather, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

In this case, much of the ALJ's reasoning in rejecting Dr. Hurlow's opinion was conclusory. For example, although the ALJ asserted Dr. Hurlow's opinion conflicted with "the updated evidence" and provided a string citation to several records, the ALJ did not explain how each of the cited records conflicted with Dr. Hurlow's opinion. *See* AR 25. Hence, given the ALJ's lack of explanation, the Court is unable to ascertain why the ALJ concluded these other records are contrary to Dr. Hurlow's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

The ALJ only gave explanation as to one record in particular, claiming an emergency department record indicating Plaintiff lifted her 60-pound child at home conflicted with Dr. Hurlow's opinion that Plaintiff could lift no more than 20 pounds. *See* AR 25. Yet the record indicates Plaintiff went to the emergency department because she experienced "chronic pain exacerbation" in her back, "associated with nausea and abdominal pain," after lifting her child. AR 479. Given the pain exacerbation Plaintiff experienced after lifting her child, this record is not inconsistent with Dr. Hurlow's opinion that Plaintiff cannot lift more than 20 pounds. The ALJ also failed to explain whether – and if so, how – this purported inconsistency undermined Dr. Hurlow's entire opinion. Thus, this reasoning from the ALJ was legally insufficient because it was not supported by substantial evidence in the record.

Similarly, the ALJ failed to provide rationale as to why it appears Dr. Hurlow's opinion was based on Plaintiff's subjective reports rather than Dr. Hurlow's own objective findings. *See* AR 25. This error is heightened by the fact that Dr. Hurlow is Plaintiff's treating physician. An ALJ cannot discount a treating source's opinion for being unsupported by the record where the opinion is supported by the source's own treatment notes contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Here, there are treatment notes contained in the record from Dr. Hurlow that support his opinion. *See, e.g.*, AR 517 (musculoskeletal examination showed "moderately severe spasm"); AR 524 (assessment included "[b]ackache severe increase in pain related to acute spasm"); AR 528 (abdominal examination showed "some palpable spasm in lumbosacral area"); AR 536 (prescribing medications for pain), AR 543 (musculoskeletal examination revealed "[s]ignificant tenderness over the lumbar and thoracic area"; Plaintiff "unable to stand up fully due to pain"). The ALJ, however, failed to consider this evidence when rejecting Dr. Hurlow's opinion. *See* AR 25-26. Hence, the ALJ's conclusory reasoning erroneously overlooked Dr. Hurlow's supporting treatment notes. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating source's opinion was supported by "little explanation," as the ALJ "overlook[ed] nearly a dozen" relevant treatment notes).

The ALJ likewise did not explain how the fact that Plaintiff failed to mention to Dr. Kebker in a mental evaluation that she had issues with her hands undermined Dr. Hurlow's opinion. *See* AR 25-26. Accordingly, in all, the ALJ's reasons for rejecting Dr. Hurlow's opinion were not specific and legitimate because they were conclusory and overlooked Dr. Hurlow's treatment notes which supported the opinion.

The RFC and hypothetical questions to the VE may have contained limitations reflecting Dr. Hurlow's opinion had the ALJ properly considered this opinion. For example, the RFC and hypothetical questions may have included Dr. Hurlow's opined sitting, standing, and walking limitations; postural limitations; and absence limitation. As the ultimate disability determination may have changed with proper consideration of Dr. Hurlow's opinion, the ALJ's errors are not harmless. On remand, the ALJ must re-evaluate Dr. Hurlow's opinion.

B. Dr. Hale

Next, Plaintiff alleges the ALJ erred by rejecting the opined limitations regarding Plaintiff's upper extremities from non-examining physician Dr. Hale. Dkt. 10, pp. 12-13.

Dr. Hale conducted a record review and rendered an opinion regarding Plaintiff's limitations on March 23, 2015.[4] *See* AR 137-148, 153-164. In relevant part, Dr. Hale opined Plaintiff was limited to reaching and handling in both the left and right upper extremities for 4 hours per day due to upper extremity pain. AR 146.

While the ALJ accepted other parts of Dr. Hale's opinion, the ALJ rejected Dr. Hale's opinion that Plaintiff is limited to using her upper extremities for 4 hours per day because the ALJ found it conflicted with records showing Plaintiff "not in any acute distress and/or is pain free." AR 25 (citations omitted). As stated above, an ALJ may discount an opinion which is inadequately supported by, or inconsistent with, the record. *See Batson*, 359 F.3d at 1195. However, a conclusory finding by the ALJ is insufficient to reject an opinion. *See Embrey*, 849 F.2d at 421-22.

---

[4] Dr. Hale rendered two opinions on March 23, 2015 – one opinion for Plaintiff's SSI claim, and one opinion for Plaintiff's DIB claim. *See* AR 137-148, 153-164. Because these opinions contain identical limitations, the Court cites to Dr. Hale's opinion the first time it is cited in the administrative record.

In this case, the ALJ summarily concluded Dr. Hale's opinion was inconsistent with other records. *See* AR 25. Although the ALJ provided a string citation to multiple records, the ALJ failed to offer any explanation as to how these records "consistently" show Plaintiff was not in any acute distress or pain. *See* AR 25. Moreover, the ALJ's conclusory reasoning failed to account for medical records indicating Plaintiff was experiencing pain. *See, e.g.*, AR 464 ("significant pain, inflammation, stiffness, 'muscle spasm,' weakness"), 517 ("moderately severe spasm"), 566 ("[t]enderness noted over the right trapezius area particularly above the scapular region where there is a palpable trigger point"; "tightness around the neck muscles"), 570 ("[l]eft shoulder shows pain with forced abduction and external rotation"), 582 ("[s]ignificant spasm bilaterally" in back; "unable to straighten the erect posture"; straight leg test positive on right "with radiation of pain"), 640 ("[s]ignificant palpable spasm in left lumbosacral area"), 653 ("[s]ignificant trigger point areas in the right and left trapezius muscle"), 792 ("significant lumbar scoliosis with very poor movement of lumbar spine"), 799 ("increased [symptoms] of pain in neck, muscle spasm, [r]adiation to both [upper extremities]").

Thus, the ALJ's selective record reliance was not a specific, legitimate reason, supported by substantial evidence, to reject Dr. Hale's opinion. *See Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context); *see also Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion'").

1    Had the ALJ properly considered Dr. Hale's opinion, the RFC and hypothetical questions

2 posed to the VE may have contained further upper extremity limitations. As such, the ALJ's errors

3 were not harmless. The ALJ is directed to reassess Dr. Hale's opinion on remand.

**III.     Whether the ALJ properly assessed Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff contends the ALJ improperly assessed Plaintiff's subjective symptom testimony. Dkt. 10, pp. 13-15. The Court has concluded the ALJ committed harmful errors at Step Two and in her assessment of medical opinion evidence. *See* Sections I.-II., *supra*. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to this evidence. Rather, the ALJ shall reweigh Plaintiff's subjective symptom testimony as necessary on remand.

Plaintiff also argues the ALJ erred by failing to address a lay witness statement from Plaintiff's mother. Dkt. 10, pp. 15-16. Defendant concedes the ALJ failed to address this lay witness statement, but maintains any error was harmless because the statement was "cumulative of the validly discounted testimony of the claimant[.]" Dkt. 11, p. 5 (citing *Molina*, 674 F.3d at 1122. In any event, because remand in this case is inevitable, the Court declines to consider whether this error was harmless, and instead directs the ALJ to address this statement on remand.

**IV.     Whether the RFC and Step Five findings were supported by substantial evidence.**

Lastly, Plaintiff argues the ALJ erred by failing to properly assess the RFC and Step Five findings. Dkt. 10, pp. 16-17.

The Court has found the ALJ harmfully erred at Step Two and in her assessment of Dr. Hurlow's and Dr. Hale's opinions, and has directed the ALJ to reassess Plaintiff's fibromyalgia, these two medical opinions, Plaintiff's testimony, and lay witness testimony on remand. *See* Sections I.-III., *supra*. Therefore, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is further directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 24th day of September, 2018.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15